AFTER REMAND FROM THE ALABAMA SUPREME COURT
McMillan, judge.
I
Pursuant to the Alabama Supreme Court’s decision in Parks v. State, 587 *1016 So.2d 1012 (Ala.1991), we conclude that there was no error in the trial court’s denial of the appellant’s motion in limine, because this matter was not preserved for review as the evidence of the appellant’s bad acts was never introduced.
II
The appellant argues that the trial court erred in not granting his motion for a directed verdict. Specifically, the appellant argues that the State failed to prove “forcible compulsion,” which is a necessary element of the offense of rape in the first degree. Forcible compulsion is defined as “[pjhysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." § 13A-6-60(8), Code of Alabama 1975.
In the present case, the victim testified that the appellant threatened her, by telling her that he would hurt her mother when she returned if the victim did not submit to him. The victim testified that she knew that her mother might return at any time, and that she had been previously aware of the fact that the appellant had abused her mother, and that he had even pulled a gun on her mother on one occasion. “[E]vidence of actual force is not required in order to uphold a conviction, since the force may be constructive or implied.” Parrish v. State, 494 So.2d 705, 713 (Ala.Cr.App.1985). Clearly, the appellant’s threat of serious physical injury to the victim’s mother constituted forcible compulsion, and the State presented sufficient evidence to sustain the appellant’s conviction.
III
The appellant argues that the trial court improperly instructed the jury that the force required to consummate the crime against a mature female is not to be measured by the same standard as in a case in which the alleged victim is a 17-year old. However, the record indicates that the trial court’s charge stated that the force required to consummate the crime against a mature female is not the same as the force required where the female is a child. This court has held:
“It is clear that the force required to consummate rape in the first degree is necessarily relative. The force required to consummate the crime against a mature female is not the standard for application in a case in which the alleged victim is a child 13 years of age.”
Pittman v. State, 460 So.2d 232, 235 (Ala.Cr.App.1984), writ denied, 466 So.2d 951 (Ala.1985). Moreover, the language and holding in Parrish v. State, supra, makes clear that the age of the victim is very relevant in an analysis of forcible compulsion. Therefore, we find no error in the trial court’s charge, in that the victim in the present case had not yet reached the age of majority. § 26-1-1, Code of Alabama 1975 (age of majority in Alabama is 19 years.)
AFFIRMED.
All Judges concur.